IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN HOUTSMA,

     Petitioner,

v.                                                              CASE NO.  1:19-cv-112-AW-GRJ

STATE OF FLORIDA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner John Houtsma is a civilly committed detainee confined in

the Florida Civil Commitment Center in Arcadia, Florida, pursuant to the

Jimmy Ryce Act, sections 394.910-.31, Florida Statutes (2000).[1] On June

13, 2019, Petitioner initiated this case by filing a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner is proceeding

pursuant to an Amended Petition, ECF No. 5 (hereafter "Petition").

The Petition challenges a judgment and sentence imposed on July 8,

1998, by the Eighth Judicial Circuit Court in Levy County, in case number

1997-CF-000777, following Petitioner's guilty plea to lewd and lascivious

---

[1] A state court appellate case reflects the Levy County Circuit Court civilly committed
Petitioner as a sexually violent predator under the Jimmy Ryce Act following a non-jury
trial. *Houtsma v. State*, 828 So. 2d 1035 (Fla. 1st DCA 2002). The First DCA affirmed
the case on September 13, 2002. *Id.*

1

molestation of a victim under the age of twelve.  Petitioner was sentenced to two years and six months imprisonment, followed by 10 years of reporting probation.  ECF No. 5 at 2.

Petitioner has previously sought habeas corpus relief from this same conviction and sentence.  Those petitions were dismissed for lack of jurisdiction because Petitioner's criminal sentence had fully expired before the petitions were filed and therefore he did not satisfy the "in custody" requirement for seeking habeas corpus relief.  *See Houtsma v. State,* Case No. 1:19-cv-98-MW-GRJ (N.D. Fla. Sept. 3, 2019); *Houtsma v. State,* Case No. 4:19-cv-131-RH-CAS (N.D. Fla. April 25, 2019); and *Houtsma v. State,* Case No. 4:19-cv-132-RH-CAS (N.D. Fla. April 25, 2019).  A fourth petition challenging his continued civil commitment under the Jimmy Ryce Act was transferred to the Middle District of Florida, Ft. Myers Division, which encompasses the facility where Petitioner is confined.  *See Houtsma v. State,* Case number 4:19-cv-133-RH-CAS (April 25, 2019).

For the same reason that Petitioner's previous habeas corpus petitions were dismissed, this Court lacks jurisdiction over the current petition.  Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that

2

he is in custody in violation of the Constitution or laws or treaties of the United States."  The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction.  The Court explained:

> While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.  Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.  This would read the 'in custody' requirement out of the statute.

*Maleng*, 490 U.S. at 492; *see also Lackawanna County Dist. Atty. v. Coss,* 532 U.S. 394, 403-04 ("once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so

3

unsuccessfully), the conviction may be regarded as conclusively valid . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

The information available at the website of the Florida Department of Corrections (FDOC), reflects that Petitioner served the sentence in Levy County case number 1997-CF-000777, and the FDOC released him from custody on May 20, 2000. *See* www.dc.state.fl.us.  His ten-year criminal probationary period has likewise expired.  Thus, when Petitioner filed this case, he was no longer "in custody" pursuant to the Levy County conviction, the conviction he seeks to challenge through the § 2254 petition.  To the extent that Petitioner seeks to challenge his present civil commitment, he currently has a pending petition for habeas relief in the court having jurisdiction over such claims.  *See Houtsma v. State,* Case No. 2:19-cv-304-SPC-NPM (M.D. Fla.).   The instant petition is due to be dismissed for lack of jurisdiction.

4

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the petition for writ

of habeas corpus under § 2254, ECF No. 5, should be **DISMISSED.**

**IN CHAMBERS** this 18th day of September 2019.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.